UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CALDERON,<br><br>           Plaintiff,<br><br>      v.<br><br>STEVEN MNUCHIN, et al.,<br><br>           Defendants. | No. 2:21-cv-0358 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se wit a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has not received him economic impact payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), in violation of his rights under the Fourteenth Amendment's Equal Protection Clause. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), his motion to amend (ECF No. 9), and his amended complaint for screening (ECF No. 10). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis, grant the motion to amend, and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## MOTION TO AMEND

Before the court had the opportunity to screen the original complaint, plaintiff filed a motion to amend (ECF No. 9) and an amended complaint (ECF No. 10). Plaintiff requested leave to amend because he obtained new information after he filed the original complaint. Because an amended complaint supersedes any prior complaint, Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015), the court will grant the motion to amend and screen the amended complaint.

## SCREENING

### I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

2

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant

3

holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.      Allegations in the Complaint**

At all times relevant to the claim, plaintiff was incarcerated at Mule Creek State Prison. (ECF No. 10 at 4.) Plaintiff has identified the following defendants: (1) former Treasury Secretary, Steven Mnuchin; (2) Director of the Internal Revenue Service (IRS), Charles P. Rettig; (3) John Doe 1, the Department head of the Internal Revenue Service (IRS) office that processed and rejected plaintiff's 1040 Form; and (4) John Doe 2, IRS employee. (Id. at 2-3.)

Plaintiff states that he is an undocumented alien from Mexico. On November 8, 2020, he submitted a 1040 Form to the IRS for Cares Act[1] stimulus funds. (Id. at 4.) Plaintiff did not receive a response by January 1, 2021. He filed another 1040 form along with a letter informing the IRS that he does not have a social security number. Plaintiff came to prison before he completed the process of applying for a social security number and obtaining citizenship. After reaching out to the Mexican consulate, he was informed he could file an IRS Form W-7 to obtain a temporary social security number.

Plaintiff submitted a Form W-7 along with a third 1040 form on April 4, 2021. (Id.) At the time he filed the amended complaint, he had not received a response. He further states that a relative has logged onto the IRs website and found that plaintiff's claim is still being rejected because he does not have a social security number.

Plaintiff seeks payment of the stimulus funds as well as reimbursement for the filing fee and other costs associated with preparation of the complaint. (Id. at 7.)

---

[1] "In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428, to provide emergency relief to individuals in the form of a tax credit (payment) for 2020. Additional relief was provided in 2021. To qualify for the payments, a person must be a United States citizen, lawful permanent resident ("green card" holder), or a qualifying resident alien, and must have a Social Security number." Sileoni v. Internal Revenue Service, No. 1:21-CV-0038-DCN, 2021 WL 1736889, at *2 (D. Idaho May 3, 2021).

4

### III. Does the Complaint State a § 1983 Claim?

#### A. Denial of EIP Based on Incarceration

To the extent plaintiff claims he was denied an EIP because of his status as an inmate, such an allegation cannot form the basis of liability. In Scholl v. Mnuchin, 489 F. Supp. 3d 1008 (N.D. Cal. 2020) (Scholl I), the court preliminarily certified the following class:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

Id. at 1047. In Scholl v. Mnuchin, 494 F. Supp. 3d 661 (N.D. Cal. 2020) (Scholl II), the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with the law.

Scholl II, 494 F. Supp. 3d at 692. A permanent injunction was entered, and defendants were to reconsider EIPs that were denied solely due to an individual's incarcerated status. Id. at 692-93.

Plaintiff is incarcerated and part of the Scholl class. To the extent plaintiff argues he was denied his EIP because he is incarcerated, "he is already part of the Scholl class; therefore, he is

////

5

not entitled to separate individual relief." Vaughan v. U.S. Department of Treasury, No. 21-cv-5674-PJH, 2021 WL 3373280 at *3 (N.D. Cal. Aug. 3, 2021).

The court in Scholl found that EIP could not be denied solely on the basis of incarceration. However, the court made clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP. Rather, the responsibility fell to the IRS to make an individual determination. Additionally, the CARES Act imposed a deadline of December 31, 2020 to be made or allowed. Because that deadline has passed, no more funds may be issued.[2]

### B. Denial of EIP Based on Alienage

The Due Process Clause of the Fifth Amendment "subjects the federal government to constitutional limitations that are the equivalent to those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment." Consejo de Desarrollo Economico de Mexicali, A.C., v. United States, 482 F.3d 1157, 1170 n.4 (9th Cir. 2007). The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)). An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008).

Alienage is a suspect class for purposes of the equal protection clause. Graham v. Richardson, 403 U.S. 365, 372 (1971). However, "classifications among aliens pursuant to

---

[2] Prior to the deadline, 385, 995 incarcerated individuals were issued the EIP after they were reconsidered despite previously being identified as ineligible due to their incarceration. Scholl v. Mnuchin, No. 20-cv-5309 PJH, Dkt. No. 178 at 3.

immigration laws 'need only be supported by some rational basis to fulfill equal protection guarantees.'" United States v. Barajas-Guillen, 632 F.2d 749, 752 (9th Cir. 1980) (quoting Alvarez v. District Director, U.S. I.N.S., 539 F.2d 1220, 1224 (9th Cir. 1976)).

To the extent plaintiff claims that 26 U.S.C. § 6428(g)'s social security number requirement impermissibly discriminates against him based on his status as an undocumented immigrant, such an allegation states a potentially cognizable claim. See R.V. v. Mnuchin, No. 20-cv-1148, 2020 WL 3402300 at *7-8 (D. Md. June 19, 2020) (finding plaintiff properly alleged an equal protection claim where they stated the CARES Act discriminated against them based on alienage). However, the court will dismiss the amended complaint with leave to amend because plaintiff has not named a proper defendant. See Zinda v. Johnson, 463 F. Supp. 2d 45, 48 (D.D.C. 2006) ("[S]uits for tax refunds or damages should be brought against the United States"); see also Klebanowski v. Sheahan, 540 F.3d 633, 637 (7th Cir. 2008) ("[A]n official capacity suit is tantamount to a claim against the government entity itself.") (internal quotations omitted). In any amended complaint, plaintiff should identify the United States as the defendant.

**IV.     Amending the Complaint**

As set forth above, plaintiff may be able to state an equal protection claim, but has failed to identify a proper defendant. Thus, the court will dismiss the complaint and grant plaintiff the opportunity to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////
////
////
////
////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to amend (ECF No. 9) is granted.

4. Plaintiff's amended complaint (ECF No. 10) is dismissed with leave to amend.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 8, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/cald0358.scm