UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CALDERON,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN MNUCHIN, et al.,<br><br>        Defendants. | No.  2:21-cv-0358 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that he has not received an economic impact payment ("EIP") pursuant to the Coronavirus Aid, Relief, and Economic Security Act (The "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), in violation of his rights under the Fourteenth Amendment's Equal Protection Clause.  Presently before the court is defendants' fully briefed motion to dismiss.  For the reasons set forth below, the undersigned will recommend that the motion to dismiss be granted.

**BACKGROUND**

**I.    Procedural History**

Plaintiff initiated this action by filing the original complaint.  (ECF No. 1.)  Before the undersigned had an opportunity to screen the original complaint, plaintiff filed a motion to amend concurrently with an amended complaint.  (ECF Nos. 9, 10.)  The undersigned granted the motion

for leave to file an amended complaint and screened the amended complaint. (ECF No. 11.) The amended complaint was dismissed with leave to amend for failure to state a claim. (Id.) Plaintiff filed a second amended complaint. (ECF No. 14.) Upon screening the second amended complaint, the undersigned determined it stated a potentially cognizable claim and ordered it be served on defendants. (ECF No. 16.) Following service, defendants filed the instant motion to dismiss. (ECF No. 30.) Plaintiff has filed an opposition (ECF No. 31) and defendants have filed a reply (ECF No. 32.)

## II. Allegations in the Complaint

At all times relevant to the claim, plaintiff was incarcerated by the California Department of Corrections and Rehabilitation, housed at Mule Creek State Prison. (ECF No. 14 at 1.) Plaintiff identified the United States of America and the Internal Revenue Service (IRS) as defendants in this action. (Id. at 2.)

In the complaint, plaintiff stated that he is an undocumented alien from Mexico. (Id. at 3.) On November 8, 2020, he submitted a request to the IRS for Cares Act[1] stimulus funds by completing an IRS 1040 form and mailing it to the IRS. (Id.) The form was rejected, and plaintiff thought the denial was due to his status as an inmate. However, he later learned that the form was rejected because he does not have a social security number (SSN).

Plaintiff stated he came to prison before completing the process of applying for an SSN and obtaining citizenship. (Id. at 4.) After reaching out the Mexican consulate, he was informed he could file an IRS Form W-7 to obtain a temporary SSN. Plaintiff submitted a Form W-7 along with another 1040 form on April 4, 2021. (Id.)

Plaintiff alleges that the denial of his request for CARES Act funds is discrimination based on his alienage in violation of his right to equal protection under the law. (Id. at 3.) He

////

---

[1] "In March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 26 U.S.C. § 6428, to provide emergency relief to individuals in the form of a tax credit (payment) for 2020. Additional relief was provided in 2021. To qualify for the payments a person must be a United States citizen, lawful permanent resident ("green card" holder), or a qualifying resident alien, and must have a Social Security number." Sileoni v. Internal Revenue Service, No. 2:21-CV-0038-DCN, 2021 WL 1736889, at *2 (D. Idaho May 3, 2021).

seeks payment of the stimulus funds as well as reimbursement for the filing fee and other costs associated with preparation of the complaint.  (Id. at 8.)

## MOTION TO DISMISS

### I. The Parties' Briefing

#### A. Defendants' Motion

Defendants argues that plaintiff is a member of the Scholl v. Mnuchin, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020)[2] class, and thus, he is not entitled to separate individual relief.  (ECF No. 30 at 7.)  Additionally, because the deadline for advance stimulus payments made under the CARES Act has passed, he is required to seek relief through a refund action pursuant to 28 U.S.C. § 1346 and 26 U.S.C. § 7422.  (Id.)

Defendants also argue that while the United States consents to be sued for refund of taxes, the taxpayer is required to follow the conditions set forth in § 7422(a).  (ECF No. 30 at 7.)  They argue that before a taxpayer is permitted to file a suit in federal court regarding overpayment of taxes, the taxpayer must first submit a proper administrative claim with the IRS.  (Id. at 8.)

Defendants further state that the IRS 1040 and W-7 forms plaintiff references filing do not serve as an administrative claim because they were not filed within the time period prescribed by § 6532(a).  (Id. at 8.)  Finally, defendants argue that plaintiff could not have filed a valid administrative refund claim because he has acknowledged that he lacks a Taxpayer Identification Number ("TIN").  (Id. at 10.)

Defendants allege the complaint should be dismissed because plaintiff's administrative claims for refund were defective and the claims were not filed six months before he initiated the instant action.  (ECF No. 30 at 7-10.)  Defendants also argue that the allegations in the complaint fail to state a claim because the CARES Act limited stimulus payments to citizens or residents with a valid social security number (SSN).  (Id. at 10-12.)

---

[2] In Scholl I, the district court provisionally certified a class of "[a]ll United States citizens and legal permanent residents who (a) are or were incarcerated in the United States; (b) filed a tax return in 2018 or 2019; or were exempt from a filing obligation; (c) were not claimed as a dependent on another person's tax return; and (d) filed either taxes with a valid Social Security Number."  Scholl I, 489 F. Supp. 3d at 1047.

### B. Plaintiff's Opposition

Plaintiff's opposition states that he arrived in the United States in 1988 and paid taxes prior to his incarceration on March 11, 1992. (ECF No. 31 at 1.) He claims he submitted his forms on time and defendant could have used a temporary TIN to allow him to receive payment. (Id. at 1.) He reiterates the allegation contained in the operative complaint that denial of CARES Act funds would violate his right to equal protection under the law. (Id. at 1-.2) Plaintiff has also included a declaration containing allegations largely unrelated[3] to the instant action.

### C. Defendants' Reply

Defendants argue plaintiff's opposition does not address the issues raised in the motion to dismiss, but rather repeats the allegations contained in the complaint. (ECF No. 32 at 2.) Additionally, they argue that the opposition does not contest his alleged failure to submit a timely and properly executed administrative claim and he admits that he is a nonresident alien who lacks a SSN. (Id.)

## II. Legal Standards - Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards

---

[3] The statements contained in plaintiff's declaration include allegations that the California State Government is "piss, mad[,] and frustrate [sic] with [him] because of [his] affiliation and membership with Initiate Justice Organization," he has been deprived of constitutional rights during criminal proceedings brought against him, and prison or California government officials have "subjected [him] to some high risk surgeries to implant a microchip on [his] forehead to monitore [sic] [his] brain." (ECF No. 31 at 5.)

4

1  similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes,
2  23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir.
3  1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted
4  only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v.
5  Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v.
6  Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).  Nonetheless, district courts "may review
7  evidence beyond the complaint without converting the motion to dismiss into a motion for
8  summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

9  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no
10 presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d
11 at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any
12 evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of
13 jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule
14 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden
15 of establishing that such jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

16 **III.   Analysis**

17 At the outset, the court notes that Congress provided that "[n]o refund or credit shall be
18 made or allowed under [the CARES Act, 26 U.S.C. § 6428(f)(3)(A)] after December 31, 2020."
19 Plaintiff initiated this action on February 22, 2021,[4] after the deadline set forth by the CARES
20 Act.  Because that deadline has passed, any entitlement to relief must be sought as a tax credit or
21 rebate pursuant to 26 U.S.C. § 6428(f)(3)(B).  Vargas v. Internal Revenue Service, No. 2:21-cv-
22 02102 WBS DB P, 2022 WL 1129284, at *2-3 (E.D. Cal. Apr. 15, 2022).

23 **A.   Jurisdiction under 28 U.S.C. § 1346**

24 There is no private right of action under the CARES Act.  Any tax rebate for which
25 plaintiff may be eligible must be requested through a tax return, as it is the responsibility of the

---

[4] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 105, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

IRS, not the court, to make determinations on rebate or credit eligibility. 28 U.S.C. § 6428(f)(3)(B); Conde v. Dept. of Treasury & Internal Revenue Serv., No. 1:21-cv-01072 DAD SKO, 2021 WL 6000057, at *3 (E.D. Cal. Dec. 20, 2021).

Congress has waived the United States' sovereign immunity in civil actions seeking a refund or credit on overpaid taxes. See 28 U.S.C. § 1346(a)(1); see also Imperial Plan, Inc. v. United States, 95 F.3d 25, 26 (9th Cir. 1996). However, "[t]he terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit." Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). Congress has stated that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Thus, before filing suit in federal court to obtain a credit or refund of overpaid taxes, a plaintiff must first file an administrative claim with the IRS. U.S. v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. U.S., 300 F.3d 1065, 1066 (9th Cir. 2002); see also 26 U.S.C. § 7422(a); Mays v. Internal Revenue Service, No. 1:19-cv-00344 AWI SAB, 2019 WL 1877066, at *2 (E.D. Cal. Apr. 26, 2019) ("Pursuant to 28 U.S.C. § 1346(a), the United States has consented to be sued in the district court for refund of taxes. But, the United States has consented to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a)."). Additionally, after submitting the claim, the plaintiff is required to allow six months for the IRS to reject or fail to act on the claim. Thomas v. U.S., 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted). "If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed because filing pursuant to the rules is a jurisdictional prerequisite." Boyd v. U.S., 762 F.2d 1369, 1371 (9th Cir. 1985) (citations omitted). Additionally, "[t]he filing of a timely claim is jurisdictional for a refund suit and cannot be waived." N. Life Ins. Co. v. U.S., 685 F.2d 277, 279 (9th Cir. 1982).

Here, plaintiff has indicated that he submitted an IRS 1040 form on November 8, 2020. (ECF No. 14 at 2.) Plaintiff initiated this action by filing the complaint on February 22, 2021, roughly four months later. (ECF No. 1 at 9.) He submitted a second IRS 1040 form along with a W-7 form requesting a temporary SSN on April 4, 2021. (ECF No. 14 at 4.) Plaintiff has not raised any argument regarding submission of IRS 1040 forms in his opposition. (ECF No. 31.)

The court is without jurisdiction over this action because plaintiff did not wait for the IRS to either reject or fail to act on his claim. U.S. v. Simmons, N. CVF 96-5948 AWI DLB, 1998 WL 726015, at *4 (E.D. Cal. Apr. 1, 1998) ("The taxpayer must file a claim for refund with the IRS, and must wait six months for either the IRS to reject to claim or fail to act on it, before a section 1346(a)(1) action can be filed in the district court."); Lewis v. IRS, No. 1:21-cv-1653 JLT EPG, 2022 WL 1781201 at *3 (E.D. Cal. June 1, 2022) (recommending plaintiff's claim for CARES ACT payments be dismissed for lack of jurisdiction because the facts alleged were insufficient to determine whether plaintiff filed an administrative claim), findings and recommendations vacated following plaintiff's notice of voluntary dismissal, 2022 WL 2160198 (E.D. Cal. June 15, 2022). Accordingly, the undersigned will recommend that the motion to dismiss be granted because plaintiff's failure to exhaust renders this court without jurisdiction over his claim.[5] Yuen v. U.S., 825 F.2d 244, 245 (9th Cir. 1987).

**IV.     Leave to Amend**

The undersigned has carefully considered whether plaintiff may amend her complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); see also United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, be itself, justify the denial of leave to amend."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

---

[5] Because the undersigned finds that the complaint should be dismissed for lack of jurisdiction, the court declines to address whether the complaint should also be dismissed for failure to state a claim. See Vargas, 2022 WL 1129284, at *3 (dismissing complaint for lack of jurisdiction where plaintiff failed to plead facts showing compliance with refund claim requirements).

1  (holding that, while leave to amend should be freely given, the court does not have to allow futile

2  amendments). The court finds that granting plaintiff leave to amend would be futile because the

3  court does not have subject matter jurisdiction over this action. Thus, the undersigned will

4  recommend that this action be dismissed without prejudice. See Wilson v. Horton's Towing, 906

5  F.3d 773, 783 (9th Cir. 2018) ("When a plaintiff fails to exhaust administrative remedies against

6  the United States . . . the proper route is dismissal" without prejudice.).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is ORDERED to randomly assign this action to a United States District Judge.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 30) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/cald0358.mtd fr