UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, et al.,<br><br>Defendants. | No. 2:21-cv-00358-TLN-DB<br><br><br><br>**ORDER** |

This matter is before the Court on Pro Se Plaintiff Juan Carlos Calderon's ("Plaintiff") Motion for Personal Legal Pleading for Justice. (ECF No. 43.) Defendants United States Department of the Treasury and the Internal Revenue Service[1] ("IRS") (collectively, "Defendants") did not file an opposition. For the reasons set forth below, the Court DENIES Plaintiff's motion.

///

///

///

///

---

[1] Plaintiff erroneously sued the Internal Revenue Department but subsequently corrected the typographical error. (*See* ECF Nos. 1, 14.)

1

A detailed recitation of the factual history is not necessary for the disposition of this case. In short, Plaintiff is an undocumented person from Mexico, currently incarcerated by the California Department of Corrections and Rehabilitation at Mule Creek State Prison. (ECF No. 33 at 2.) In November 2020, Plaintiff submitted a request to the IRS for an economic impact payment under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") (26 U.S.C. § 6428), but the IRS rejected Plaintiff's request because he did not have a social security number. (*Id.*) Plaintiff alleged the IRS's denial of his request for financial aid under the CARES Act was discrimination based on his status as an undocumented person from Mexico in violation of his right to equal protection under the law. (*Id.*) Plaintiff commenced this action, seeking payment of the denied CARES Act funds and reimbursement for the filing fee and other costs. (*Id.* at 2–3.)

On June 5, 2023, the magistrate judge made findings and recommended ("F&Rs") the Court grant Defendants' motion to dismiss for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies. (ECF No. 33.) Plaintiff was served with the F&Rs via U.S. mail that same day and any objections were due within thirty days. Plaintiff did not timely file any objections.

On August 7, 2023, the Court adopted the F&Rs in full and dismissed this action with prejudice. (ECF No. 34.) The Clerk of Court entered Judgment that same day. (ECF No. 35.)

On August 21, 2023, Plaintiff filed objections to the F&Rs and a Notice of Appeal. (ECF Nos. 36, 37.) Defendants filed a response to Plaintiff's objections, arguing the Court should deny Plaintiff's objections as untimely or because there are no grounds to alter or amend the Court's judgment. (ECF No. 40.) The Court declined to consider Plaintiff's objections because they were untimely, and in any event, the objections did not change the Court's determination and Plaintiff's appeal divested the Court of jurisdiction. (ECF No. 41.) On May 6, 2024, the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute. (ECF No. 44.)

Prior to the Ninth Circuit's ruling, Plaintiff filed the instant motion which appears to resemble a habeas petition or a new complaint that purports to assert claims under state and federal law related to his time spent at Mule Creek State Prison. (ECF No. 43.) Defendants did

not file an opposition or otherwise respond.

Having reviewed the instant motion, the Court finds the issues raised by Plaintiff in the motion are distinct from the merits of the issues originally raised in this action. (*See id.*) Moreover, Plaintiff fails to cite any coherent basis for relief. To the extent Plaintiff seeks to bring new claims, he should file a new action.

Accordingly, the Court DENIES Plaintiff's Motion for Personal Legal Pleading for Justice (ECF No. 43) and will not consider further filings in this closed case.

IT IS SO ORDERED.

Date: June 11, 2024

Troy L. Nunley
United States District Judge